IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BROOKE LOZIER and<br>BROOKE CLINICAL LOGISTICS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DOBBS CONSULTING, LLC,<br><br>Defendant. | No.: 3:14-cv-01454<br><br>Chief Judge Haynes<br><br>JURY DEMAND |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is adopted.

### I. JURISDICTION AND VENUE

The parties agree that this Court has jurisdiction pursuant to the Fair Standards Labor Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### II. PARTIES' THEORIES OF THE CASE

1. **Plaintiffs' Theory of the Case:**

Plaintiff Brooke Lozier was employed for Defendant. During the course of her employment, Plaintiff performed work in excess of forty (40) hours per week on a regular and repeated basis, but did not receive overtime at one- and one-half times re regular rate of pay. Plaintiff was informed by Defendant that she was not entitled to overtime compensation because her position was "exempt" from the requirement to pay additional compensation for hours worked in excess of forty (40) under the Fair Labor Standards Act. Contrary to Defendant's assertions, Plaintiff's job duties were not consistent with those of employees

who are properly classified as "exempt" from the overtime requirements of the Fair Labor Standards Act. Plaintiff believes and asserts that Defendant's failure to pay Plaintiff overtime wages is a willful violation of the FLSA. Plaintiff seeks overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

Plaintiff Brooke Clinical Logistics, Inc. entered into an Agreement with Defendant. Defendant agreed to a modification of the Agreement on September 8, 2012. For the following months, Defendant performed pursuant to the terms of the modified Agreement. In November 2013, Plaintiff Brooke Clinical Logistics, Inc. obtained the Exoxemis E-101 project which generated a significant amount of income for Defendant. Thereafter, Defendant failed to pay BCL according to the parties' Agreement. Defendant materially breached the Agreement by refusing to compensate BCL pursuant to the modified Agreement. Defendant's refusal to honor the Agreement and failure to cure its actions constitute a material breach of the Agreement. As a result of Defendant's breach, BCL has sustained substantial compensable losses. BCL has been greatly damaged and is entitled to compensation for her losses, including all general, specific, consequential and incidental damages occasioned by Defendant's breach.

2. **Defendant's Theory of the Case:**

Plaintiff Brooke Lozier was never employed by Dobbs Consulting, LLC. Rather, Dobbs Consulting, LLC entered into a consulting contract with Plaintiff Brooke Clinical Logistics, Inc. pursuant to which Brooke Clinical Logistics provided certain services to Dobbs Consulting. Brooke Clinical Logistics was compensated for those services. Ms. Lozier, in turn, worked for Brooke Clinical Logistics as its employee and/or agent.

2

Further, pursuant to the consulting contract Brooke Clinical Logistics agreed to obtain the agreement of any person that performed work on its behalf that such person would have no claims against Dobbs Consulting. Brooke Clinical Logistics also agreed to indemnify Dobbs Consulting for claims such as those made by Ms. Lozier in this case. Both Ms. Lozier and Brooke Clinical Logistics represented to Dobbs Consulting – through the consulting contract and otherwise – that employees or agents of Brooke Clinical Logistics would perform and had performed the services called for in the agreement. Accordingly, Dobbs Consulting has counterclaimed against Brooke Clinical Logistics for breach of the consulting contract and for indemnification against Ms. Lozier's FLSA claims, and against both plaintiffs for intentional misrepresentation.

With regard to the breach of contract claims made by Brooke Consulting Logistics, Dobbs Consulting denies that any modification of the consulting contract was agreed to between the parties. Emails between the parties clearly indicate that, while there were discussions regarding a potential modification, no meeting of the minds occurred and no written modification was agreed upon as required by the contract. Finally, even if the contract were modified, Dobbs Consulting denies that Brooke Consulting Logistics was responsible for securing the Exoxemis E-101 project as claimed in the Complaint

### III. SCHEDULE OF PRETRIAL PROCEEDINGS

#### A. Pleadings

Brooke Lozier and Brooke Consulting Logistics, Inc. shall file an answer to the counterclaims on or before **September 30, 2014**.

3

### B. Rule 26(a)(1) Disclosure

The parties shall make their Rule 26(a)(1) (A) through (E) disclosures within forty-five (45) days from the date of the initial case management conference.

### C. Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### D. Other Pretrial Discovery Matters

As determined at the case management conference on Monday, September 8, 2014, this action is set for a jury trial on _December 15, 2015_ at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, _12/11/15_. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on _November 30, 2015_ at _3:00 pm_ a.m./p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on **May 13, 2015**. All

4

written discovery shall be submitted in sufficient time so that the response shall be in hand by **May 13, 2015**. All discovery related motions shall be filed by the close of business on **June 12, 2015**. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] and Daubert motions shall be filed by the close of business on **August 5, 2015**, and any response thereto shall be filed by the close of business on **September 4, 2015**. Any reply shall be filed by the close of business on **September 18, 2015**.[2]

There shall be no stay of discovery pending disposition of any motions.

The response time for all written discovery and requests for admissions is reduced from thirty (30) to twenty (20) days.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court (effective July 21, 1997) shall govern.

By the close of business on **March 13, 2015**, the Plaintiff shall declare to the Defendant (<u>not</u> to file with the Court) the identity of her expert witnesses and provide all

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages. No reply shall be filed to any response unless invited by the Court.
[2] Strict compliance is required to Rule 56.01, Local Rules of Court (effective March 1, 1994) relating to motions for summary judgment.

5

the information specified in Rule 26(a)(2)(B).

By the close of business on **April 13, 2015**, the Defendant shall declare to the Plaintiff (<u>not</u> to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by the close of business on **April 27, 2015**. There shall not be any rebuttal witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention discovery interrogatories and requests for admissions upon another party's expert. If these discovery methods prove ineffective, a party may move to take the deposition of the expert.

For expert witnesses, the expert's Fed. R. Civ. P. 26(a)(2) report is considered to be the expert's direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least fifteen (15) days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with the experts' schedules; and to avoid the costs of expert depositions.

6

Case 3:14-cv-01454 Document 10 Filed 09/05/14 Page 6 of 7 PageID #: 55

Local Rule 39.01(c)(6) (effective June 1, 1994) relating to expert witnesses shall apply in this action, and strict compliance is required.

IT IS SO **ORDERED**.

_____
WILLIAM J. HAYNES, JR.
U.S. Chief District Judge
9-8-14

APPROVED FOR ENTRY:

*s/Michael L. Russell*
Michael L. Russell (BPR #20268)
Kara B. Huffstutter (BPR # 30199)
GILBERT RUSSELL MCWHERTER
SCOTT BOBBITT PLC
341 Cool Springs Blvd., Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
mrussell@gilbertfirm.com
khuffstutter@gilbertfirm.com

*ATTORNEYS FOR PLAINTIFFS*

*s/J. Scott Hickman*
J. Scott Hickman (No. 17407)
John L. Farringer IV (No. 22783)
SHERRARD & ROE, PLC
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
(615) 742-4200
shickman@sherrardroe.com
jfarringer@sherrardroe.com

*ATTORNEYS FOR DEFENDANT*